**WEINBERG, ROGER & ROSENFELD**
ASHLEY K. IKEDA 2955-0
Central Pacific Plaza, 220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
E-Mail:  aikeda@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF
THE HAWAII SHEET METAL WORKERS'
TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII SHEET METAL WORKERS' TRUST FUNDS (Hawaii Sheet Metal Workers' Health & Welfare Trust Fund; Hawaii Sheet Metal Workers' Pension Trust Fund; Hawaii Sheet Metal Workers' Training Trust Fund; Hawaii Sheet Metal Workers' Vacation & Holiday Trust Fund; and Hawaii Sheet Metal Workers' Annuity Profit Sharing Fund, by their Trustees, Kevin Hirayama, Glenn Saito, Skye Matsumoto, Sam Fujikawa, Paul Saito, Arthur B. Tolentino, Rick V. Paulino, Jeanine Lum, and Marc Rifkind), <br><br>           Plaintiffs, <br><br>   vs. <br><br> GORDON MECHANICAL LLC, a Hawaii Limited Liability Company, <br><br>           Defendant. | CIVIL NO. _____ <br><br> **COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS** |

## COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named allege and aver as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Sheet Metal Workers' Trust Fund which consist of the Hawaii Sheet Metal Workers' Health & Welfare Trust Fund, Hawaii Sheet Metal Workers' Pension Trust Fund, Hawaii Sheet Metal Workers' Training Trust Fund, Hawaii Sheet Metal Workers' Vacation & Holiday Trust Fund and Hawaii Sheet Metal Workers' Annuity Profit Sharing Fund (hereafter "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds and Plan (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times

2

herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein, Defendant GORDON MECHANICAL LLC, a Hawaii Limited Liability Company (hereinafter "Defendant" or "Defendant GORDON"), was, and is now, a Domestic Profit Corporation doing business in the State of Hawaii.

5. On or about August 1, 2019, Defendant GORDON, by and through its Member, Richard Gordon, executed that certain Memorandum of Agreement (hereinafter "Memorandum of Agreement"), with the Sheet Metal Workers International Association, Local Union 293, AFL-CIO (hereinafter "Union"), binding it to said Union's collective bargaining and trust agreements. A true copy of the Memorandum of Agreement is attached herein as Exhibit "A," and is incorporated by reference. Said Memorandum of Agreement by its terms incorporated the then existing Master Agreement Covering Sheet Metal Workers in the State of Hawaii, the "Labor & Management Agreement Between Sheet Metal Workers International Association, Local 293 & Sheet Metal Contractors Association, effective March 1, 2015 through February 29, 2020," and all of the amendments, modifications, changes, extensions and renewals thereto (hereinafter

"Master Agreement") and the various Trust Agreements establishing each of Plaintiffs' trusts.  By said agreement(s), Defendant promised to contribute and pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 1, 2019.

6.	By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 1, 2019, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid and post a surety bond or cash-in-escrow to secure payment or contribution if required by the Trust Funds.

7.	By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any of Defendant's contributions to any of the Trust Funds for a month are not paid or postmarked by the 20th of the month immediately following, such contributions are delinquent and Defendant will pay damages to such fund in the amount of 10% of such delinquent contributions for the first month and one and one half percent (1 ½ %) for each and every month thereafter that such delinquent

contributions are not paid. Said damages being due and payable to such funds as liquidated damages and not as a penalty upon the date immediately following the date such contributions becomes delinquent and shall be in addition to the total of the delinquent contributions.

8. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed under 26 U.S.C. §6621 on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under 26 U.S.C. § 6621 on any unpaid contributions.

10. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether Defendant is making full payment as required under said agreement(s).

11. Plaintiffs have notified Defendant and have demanded it to submit timely payments and reports, but Defendant has failed, neglected and refused to do so.

12. Defendant now continues to fail, neglect and refuse to submit timely payments and reports, and it will continue to do so unless ordered to specifically

perform the agreement(s) to submit timely payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant, thus its continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (<u>ASSUMPSIT AND DAMAGES</u>)

13. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 to 12 of the First Cause of Action hereinabove set forth.

14. By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15. Defendant's delinquencies to the Plaintiffs are as follows:

| | | |
|---|---|---|
| a. | Contributions (01/23 - 03/23 reports): | $179,551.99 |
| b. | Liquidated Damages (01/23 – 03/23 reports) to 04/25/23 ($88.55per diem): | $ 17,338.76 |
| | GRAND TOTAL: | $196,890.75 |

plus liquidated damages accruing at $88.55 per diem from April 25, 2023, attorneys' fees and costs, for said report periods, plus interest.

16.     Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to submit timely reports to the aforesaid Trust Funds.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17.     Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18.     At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

19.     By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, it will pay all court and collection costs and reasonable attorneys' fees.

20. By virtue of the foregoing, Plaintiffs have been damaged in the amount of $196,890.75, plus additional liquidated damages at $88.55 per diem from April 25, 2023, and such additional amounts as may be proven at trial of hearing on proof.

21. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant GORDON MECHANICAL LLC, a Hawaii Limited Liability Company, as to the First and Second Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2. That the Court order Defendant to permit Plaintiffs to audit its payroll books and records in accordance with said agreement(s).

3. That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court award to Plaintiffs and against Defendant interest at the rate prescribed under 26 U.S.C. § 6621, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the

necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

     5.    That the Court orders and compels Defendant to furnish to each of the Plaintiffs' Trust Funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions or $5,000.00, whichever is greater.

     6.    That the Court awards the Plaintiffs and against the Defendant the sum of $179,551.99 in known January 2023 through March 2023 report contributions, plus interest on said contributions at the rate prescribed under 26 U.S.C. §6621.

     7.    That the Court awards the Plaintiffs and against the Defendants liquidated damages for the January 2023 through March 2023 report periods as provided in said agreement(s) of $17,338.76, through April 25, 2023, and at $88.55 per diem thereafter, or an amount equal to interest at the rate under 26 U.S.C. §1132(g), whichever is greater, on any unpaid contributions due and owing per ERISA.  29 U.S.C. §1132(g).

     8.    For entry of Judgment against Defendant for the total amount of $196,890.75, plus additional liquidated damages at $88.55 per diem from April 25, 2023 until entry of judgment, as set forth above, plus any additional sums as requested above and below.

9. That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages and interest on any additional audit or report contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10. That the Court awards the Plaintiffs and against Defendant all collection cost, costs of court and reasonably attorney's fees pursuant to said agreement(s) or other ERISA.  29 U.S.C. §1132(g).

11. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii,     May 5                , 2023.

    WEINBERG, ROGER & ROSENFELD

By     /s/ Ashley K. Ikeda    
ASHLEY K. IKEDA
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
SHEET METAL WORKERS'
TRUST FUNDS

149525\1359920